UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON,<br><br>        Plaintiff,<br><br>    v.<br><br>THE STATE OF CALIFORNIA, DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>        Defendants. | Case No. 17-cv-01227-JST (PR)<br><br>**ORDER OF TRANSFER** |

Plaintiff is a civil detainee at the Coalinga State Hospital ("Coalinga") proceeding pro se. He is detained pursuant to California's Sexually Violent Predator Act ("SVPA"). He has filed a civil action, complaining about the conditions of his confinement at Coalinga. Coalinga lies within the venue of the United States District Court for the Eastern District of California. Venue for this case is therefore proper in the Eastern District. See 28 U.S.C. § 1391.

Petitioner also complains about the validity of his assessment as a sexually violent predator under the SVPA, which assessment took place in Santa Clara County. Specifically, petitioner alleges that his detention at Coalinga constitutes an indefinite sentence, in violation of a plea agreement he entered in Santa Clara County Superior Court in 1993. Challenges to the assessment itself are the province of a habeas petition, not a civil rights action, because they implicate the validity of his detention. See Hill v. McDonough, 547 U.S. 573, 579 (2006) (challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus); Nelson v. Sandritter, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil commitment proceedings are challenged in federal habeas corpus once state remedies have been exhausted). Plaintiff may challenge the validity of his assessment in this court, but he must do so

by way of a habeas petition filed in a separate action from the instant case, after exhausting state judicial remedies.

Accordingly, and in the interests of justice, this case is TRANSFERRED to the United States District Court for the Eastern District of California. <u>See</u> 28 U.S.C. 1404(a), 1406(a). In light of this transfer, the pending motion to proceed in forma pauperis and plaintiff's other pending motions are deferred to the Eastern District.

The Clerk shall transfer this matter forthwith. The Clerk shall also send petitioner a blank habeas petition form.

**IT IS SO ORDERED.**

Dated: June 23, 2017

_____
JON S. TIGAR
United States District Judge