UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON,<br><br>        Plaintiff,<br><br>    v.<br><br>THE STATE OF CALIFORNIA, DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00858 BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT, AND FIRST AMENDED COMPLAINT, FOR THE FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br>(ECF Nos. 1, 14)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS REQUESTING APPOINTED COUNSEL<br>(ECF Nos. 2, 6)<br><br>ORDER DENYING MOTION TO REQUEST SERVICE OF SUMMONS AND COMPLAINT, AS PREMATURE<br>(ECF No. 8)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Paul Dixon is a civil detainee proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 13); Local Rule 302.

**I.    Relevant Background**

On March 8, 2017, Plaintiff initiated this action in the United States District Court for the Northern District of California. (ECF No. 1.)

On March 8, 2017, Plaintiff filed a motion requesting the Court consider granting him appointed counsel. (ECF No. 2.) On April 17, 2017, Plaintiff filed a second motion requesting the Court consider granting him appointed counsel. (ECF No. 6.)

On April 19, 2017, Plaintiff filed a motion requesting the United States Marshal be ordered to serve the complaint and summons. (ECF No. 8.)

On June 23, 2017, the District Court for the Northern District of California found that certain of Plaintiff's allegations challenged the conditions of confinement at Coalinga State Hospital. Thus, those allegations and Plaintiff's above-described pending motions were transferred to this Court. (ECF No. 11.)

On July 12, 2017, Plaintiff filed a first amended complaint in this action, (ECF No. 14), before the Court could screen Plaintiff's original complaint. Plaintiff's first amended complaint contains no allegations concerning the conditions of confinement at Coalinga State Hospital, which were the only allegations transferred to this Court in this action.

In the interests of justice, the Court will now screen Plaintiff's original complaint allegations, and disregard the first amended complaint. The Court will also address Plaintiff's pending motions further below.

**II.     Screening Requirement and Standard**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). The pleadings of detainees are construed liberally and are afforded the benefit of any doubt. Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"

2

Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Also, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations[1]

Plaintiff is currently detained at Coalinga State Hospital, where the events at issue occurred. Plaintiff names Coalinga State Hospital and Brandon Price, the Executive Director, as defendants.

In pertinent part, Plaintiff alleges as follows: Plaintiff was prescribed medicine by Dr. Jarome Hamrick, a resident physician at Coalinga State Hospital. These include Tylenol for headaches and vitamins, and the prescription was written in September 2008. Dr. Hamrick informed Plaintiff that he had osteoporosis, which is why the Vitamin D and Calcium were prescribed.

On May 3, 2013, Plaintiff was relocated to a unit where there was no resident physician, and only Nurse Practitioner Felista Anugom. Nurse Anugom asked Plaintiff to give blood for laboratory work on his first visit. Plaintiff declined, due to a phobia of syringe needles, of which he informed the nurse. Nurse Anugom threatened Plaintiff to take away his medication due to his refusal to give blood for labs.

---

[1] As the District Court for the Northern District of California explained in its transfer order, much of Plaintiff's complaint concerns challenges to the validity of his assessment as a sexually violent predator, none of which is cognizable in this action. (See ECF No. 11.) Thus, none of those allegations will be addressed here.

1    On November 29, 2013, Nurse Anugom took away Plaintiff's medications. This includes
2 the vitamins and two Tylenol tablets per day for headaches and pain. Now, when Plaintiff gets
3 headaches, he is forced to either deal with it in a peaceful manner, or drink a cup of coffee to get
4 rid of it. Plaintiff alleges that Nurse Anugom violated his constitutional rights.

5    On June 6, 2016 at 3:30 p.m., Nurse Anugom coerced Chris Grijalva, the unit supervisor,
6 to take Plaintiff and harass him about not doing labs. Three minutes into the session, Supervisor
7 Grijalva verbally threatened Plaintiff, saying he was not in compliance with the unit. Supervisor
8 Grijalva told Plaintiff that if he didn't get into compliance, then they may have to put him in a
9 place where non-compliant patients are housed. This supervisor has had five prior physical
10 altercations with patients, with charges pending.[2]

11    Plaintiff alleges that Coalinga State Hospital blocks a patient from purchasing over-the-
12 counter pharmaceuticals through its canteen/commissary service. As a result, Nurse Anugom can
13 block Plaintiff's access for three years to receiving multi-vitamins, Tylenol, and other over-the-
14 counter pharmaceuticals. Plaintiff alleges that this violates the Equal Protection Clause because
15 California pre-trial detainees at jails and California prisoners are allowed to purchase over-the-
16 counter pharmaceuticals, but detainees at Coalinga are not.

17    **IV.   Deficiencies of Complaint**
18       **A.   Medical Care**

19    Plaintiff asserts that Nurse Practitioner Felista Anugom violated his constitutional rights
20 by discontinuing his vitamin and Tylenol prescriptions when he refused to give blood for
21 laboratory work.

22    As a civil detainee, Plaintiff's right to medical care is protected by the substantive
23 component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo,
24 457 U.S. 307, 315, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982). Under this provision of the
25 constitution, plaintiff is "entitled to more considerate treatment and conditions of confinement
26 than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393

---

[2] Plaintiff does not name Unit Supervisor Chris Grijalva as a defendant, and does not allege any claim against the supervisor or state that the supervisor violated any of his constitutional rights.

4

F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321–22). Thus, to avoid liability, a defendant's medical decisions regarding the plaintiff's treatment must be supported by "professional judgment." Youngberg, 457 U.S. at 321. A defendant fails to use professional judgment when her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] did not base [her] decision on such a judgment." Id. at 323.

In determining whether defendant has met his constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323.

Here, Plaintiff has failed to allege sufficient facts to demonstrate that Nurse Practitioner Anugom's actions substantially departed from accepted professional judgment. Plaintiff alleges that the basis of the removal of the prescription was a lack of laboratory blood work, which suggests a professional judgment to which the courts generally must defer. Plaintiff does not allege that Nurse Practitioner Anugom knew of any specific need for the vitamins and Tylenol that Plaintiff medically required. Nor has Plaintiff shown that his failure to receive these medications substantially deviated from professional standards. No specific harm is alleged. Plaintiff has also not named Nurse Practitioner Anugom as a defendant. Plaintiff will be granted leave to amend to cure these deficiencies.

**B.   Equal Protection**

Plaintiff also alleges that the policy at Coalinga State Hospital denying the purchase of over-the-counter pharmaceuticals through its canteen/commissary service violates his Equal Protection rights.

///

1    The Equal Protection Clause requires that persons who are similarly situated be treated
2 alike. City of Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313
3 (1985). An equal protection claim may be established by demonstrating that the defendant
4 intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a
5 protected class, such as race. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.
6 2001); Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

7    Plaintiff alleges that he is committed to Coalinga State Hospital under the Sexually
8 Violent Predator Act. However, detainees committed under the sexually violent predator act are
9 not a suspect class for purposes of equal protection. Allen v. Mayberg, 2010 WL 500467 *4 (E.D.
10 Cal. 2010) (citing Harper v. Va. State Bd. of Elections, 383 U.S. 663, 670, 86 S. Ct. 1079, 16
11 L.Ed.2d 169 (1966) and Police Dep't of Chicago v. Mosley, 408 U.S. 92, 92 S. Ct. 2286, 33 L.
12 Ed. 2d 212 (1972)); see also United States v. LeMay, 260 F.3d 1018, 1030 (9th Cir. 2001) ("Sex
13 offenders are not a suspect class."), cert. denied, 534 U.S. 1166, 122 S. Ct. 1181, 152 L. Ed. 2d
14 124 (2002).

15    Where no suspect class is implicated, but fundamental interests are at issue, some courts
16 have applied a "heightened" scrutiny standard. See Young v. Weston, 176 F.3d 1196, 1201 (9th
17 Cir. 1999) (evaluating sexually violent predator statutes against an alleged equal protection
18 violation under a "heightened scrutiny standard") (rev'd on other grounds by Seling v. Young,
19 531 U.S. 250, 121 S. Ct. 727, 148 L. Ed. 2d 734 (2000)); see also Skinner v. Oklahoma, 316 U.S.
20 535, 541, 62 S. Ct. 1110, 86 L. Ed. 1655 (1942). Otherwise, in order to satisfy equal protection,
21 the challenged classification or action generally need only bear "some rational relation to a
22 legitimate state interest." Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073,
23 145 L. Ed. 2d 1060 (2000); Nelson v. City of Irvine, 143 F.3d 1196, 1205 (9th Cir. 1998)
24 ("Unless a classification trammels fundamental personal rights or implicates a suspect
25 classification, to meet constitutional challenge the law in question needs only some rational
26 relation to a legitimate state interest."). Under this theory, a plaintiff must allege: (1) membership
27 in an identifiable class; (2) intentional different treatment from others similarly situated; and (3)
28 that there was no rational basis for the difference in treatment. See Village of Willowbrook, 528

U.S. at 564 (recognizing also that some successful equal protection claims have been brought by a "class of one").

In this case, Plaintiff alleges that Coalinga State Hospital's polices subjected him to worse conditions than that of pre-trial criminal detainees in California County Jails, and those serving criminal sentences in the custody of the California Department of Corrections and Rehabilitations. Plaintiff alleged that civil detainees at Coalinga are not allowed to purchase any over-the-counter pharmaceuticals, but the pre-trial detainees and prisoners are allowed to do so.

However, Plaintiff has not alleged whether there was any rational basis for his differential treatment. Nor has Plaintiff alleged facts showing whether any fundamental constitutionally-protected right has been denied to him by the unavailability of over-the-counter pharmaceuticals through commissary/canteen purchases. Plaintiff will be granted leave to amend to cure these deficiencies.

### C.   State Agency

Plaintiff names Coalinga State Hospital as a defendant. The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065–66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065–66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n. 1 (9th Cir. 2012).

Accordingly, because Coalinga State Hospital is part of the California Department of State Hospitals, which is a state agency, it is also entitled to Eleventh Amendment immunity from suit.

### V.   Motions for Appointment of Counsel

As noted above, Plaintiff has filed two motions for the appointment of counsel. He states that he is a paralegal graduate, and runs the risk of the unauthorized practice of law by presenting his case. Plaintiff also asserts that he has attempted to find an attorney, to no avail.

7

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances for the appointment of counsel. Plaintiff's complaint is being dismissed with leave to amend, and thus at this early stage, the Court cannot find that this action is likely to succeed on the merits. Further, the legal issues in this case are not complex, and the record reflects that Plaintiff is able to adequately articulate his claims. Furthermore, although a non-attorney cannot appear as an attorney for other people, a non-attorney may appear in propria persona on his or her own behalf. See In re Brooms, 447 B.R. 258, 266 (B.A.P. 9th Cir. 2011) (citing C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987)), aff'd, 520 F. App'x 569 (9th Cir. 2013). Thus, Plaintiff is not engaging in the unauthorized practice of the law by representing himself in this action, and this does not present sufficient grounds for the appointment of counsel here.

Accordingly, Plaintiff's motions for the appointment of counsel, filed on March 8, 2017 (ECF No. 2), and on April 17, 2017 (ECF No. 6), are denied.

**VI.     Motion to Serve Summons and Complaint**

Plaintiff also seeks for the Court to order the United States Marshal to serve the summons and complaint. Plaintiff states that he is unable to do so himself due to constraints on making phone calls, sending letters, and general mobility issues.

///

Plaintiff's motion is premature, and shall be denied without prejudice. The Court will direct service of process only after Plaintiff's complaint has been screened and found to state cognizable claims for relief. If Plaintiff's complaint is found to have stated a cognizable claim against any defendant, a copy of the complaint will be sent to Plaintiff with service documents and instructions on how to proceed.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint and first amended complaint fail to state a claim upon which relief may be granted, and are dismissed. Plaintiff is granted leave to file a second amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion requesting the appointment of counsel filed on March 8, 2017 (ECF No. 2), and on April 17, 2017 (ECF No. 4), are DENIED, without prejudice;

2. Plaintiff's motion seeking the United States Marshal serve the summons and complaint filed on April 19, 2017 (ECF No. 8), is DENIED, as premature;

3. Plaintiff's complaint, filed March 8, 2017 (ECF No. 1), and first amended complaint, filed July 12, 2017 (ECF No. 14), are dismissed for failure to state a claim upon which relief may be granted;

4. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

6. **Plaintiff's failure to comply with this order will result in dismissal of this action**.

IT IS SO ORDERED.

Dated:   **July 25, 2017**               /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE