UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON,<br><br>  Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA, DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-00858 BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.   Introduction**

Plaintiff Paul Dixon is a civil detainee proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 8, 2017, Plaintiff initiated this action in the United States District Court for the Northern District of California. (ECF No. 1.) On June 23, 2017, the District Court for the Northern District of California found that certain of Plaintiff's allegations challenged the conditions of confinement at Coalinga State Hospital. Thus, those allegations were transferred to this Court. (ECF No. 11.)

On July 12, 2017, Plaintiff filed a first amended complaint in this action, (ECF No. 14), before the Court could screen Plaintiff's original complaint. Plaintiff's first amended complaint

1

contained no allegations concerning the conditions of confinement at Coalinga State Hospital, which were the only allegations transferred to this Court in this action. In the interests of justice, the Court screened Plaintiff's original complaint, and disregarded the first amended complaint. (ECF No. 16.)

On July 25, 2017, the Court issued a screening order finding that Plaintiff had failed to state any cognizable claims, and granting Plaintiff leave to file a second amended complaint within thirty (30) days. (*Id.*)

On August 31, 2017, Plaintiff filed a second amended complaint, which is currently before the Court for screening. (ECF No. 17.)

## II. Screening Requirement and Standard

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleadings of detainees are construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). Also, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

///

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently detained at Coalinga State Hospital, where the events at issue occurred. Plaintiff names the Santa Clara County Superior Court, and Felista Anugom, nurse practitioner at Coalinga State Hospital, as defendants.

As in his previous pleadings, much of the second amended complaint concerns challenges to the validity of his assessment as a sexually violent predator under California's Sexually Violent Predator Act ("SVPA"). Specifically, Plaintiff asserts that his detention at Coalinga constitutes an indefinite sentence, in violation of a plea agreement he entered in Santa Clara County Superior Court in 1993. His specifically allegations will not be summarized here, but these matters will be addressed in more detail, below.

Plaintiff's other allegations concerning the events at Coalinga State Hospital are largely the same as in his original complaint, but the Court will briefly summarize the new allegations here for clarity's sake. Plaintiff alleges, in pertinent part, as follows: In September or October 2008, Dr. Jarome Hamrick, a resident physician, prescribed vitamins for Plaintiff's osteoporosis. These included two calcium tablets, two Vitamin D tablets, and one multi-vitamin tablet, to be taken daily.

In May 2013, Plaintiff was transferred to unit 11, with his medical files, which were in the possession of Nurse Practitioner Felista Anugom on the first day they met. At the examination, Nurse Practitioner Anugom read over Dr. Hamrick's notes and acknowledged Plaintiff's diagnosis of osteoporosis. Plaintiff explained to her that Plaintiff decided to treat the illness with vitamins. Dr. Hamrick did not decide to do this. Plaintiff alleges that he explained to Nurse Practitioner Anugom that, "'**I Decided**', Not Doctor Hamrick, **'The Decision Was All Mine'** to

treat the Illness with the above prescribed vitamins." (ECF No. 17, at p. 16) (emphasis and errors in original). Nurse Practitioner Anugom wanted Plaintiff to give labs, but he told her that he has a phobia of syringe needles.

On November 29, 2013, Nurse Practitioner Anugom took away and discontinued the vitamins prescribed by Dr. Hamrick. It was her professional judgment to take away the vitamins because Plaintiff would not give labs. Nurse practitioners may order and discontinue medication and/or medical treatments only in accordance with protocols approved by the medical staff.

It has been four years and Plaintiff is still denied his vitamins because of his phobia of syringe needles. On June 6, 2016, Nurse Practitioner Anugom coerced Chris Grijalva, the unit supervisor, to harass Plaintiff about not doing his labs. Unit Supervisor Grijalva verbally thrashed and threatened Plaintiff, saying he was not in compliance with the unit. Unit Supervisor Grijalva told Plaintiff that if he didn't get himself in compliance, they might have to move him to the place where non-compliant patients are housed. Unit Supervisor Grijalva has had five physical altercations with patients, which resulted in the patients being arrested and charged with assault on a staff member and charges pending against the hospital as well.

On August 2, 2017, Plaintiff was seen by Nurse Practitioner Anugom for his quarterly check-up at 11:30 a.m. She informed him that she would use his osteoporosis diagnosis to say that if Plaintiff falls, he could hurt himself, and so he should be moved off the unit. She has threatened Plaintiff all of those four years to get him off the unit.

California Department of State Hospitals, Coalinga has frozen the constitutional rights of its patients to buy over-the-counter pharmaceuticals through its canteen/commissary services. Under Administrative Directive Nursing Policy and Procedural Manual Section – Medications Policy Number 500, effective July 27, 2017, medications or supplies considered "over-the-counter" do not require a physician's order and may be ordered as floor stock medications/supplies. Dental adhesives and denture cleanser tablets is all that they offer over-the-counter.

Plaintiff asserts that this is a discriminatory practice because an inmate sentenced to the penal correctional system of the California Department of Corrections and Rehabilitation

("CDCR") has the privilege of over-the-counter pharmaceuticals as a general order per prison facility.

**IV.     Deficiencies of Complaint**

**A.     Habeas Corpus Relief/*Heck* bar**

As noted above, Plaintiff asserts that the "main element" of his complaint is a challenge to his plea agreement and his commitment under the SVPA. (ECF No. 17, at p. 2.) Plaintiff alleges a breach of the plea bargain agreement, due process violations, fraud and material misrepresentations, and violations of his Fifth Amendment rights.

State prisoners may not challenge the fact or duration of their confinement in a civil lawsuit, and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id*. at 81 (emphasis in original); *Heck v. Humphrey*, 512 U.S. 447 (1994). Accordingly, "a state prisoner's action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82.

In this case, Plaintiff's primary complaint is that he was invalidly assessed as a sexually violent predator under the SVPA, and that his detention at Coalinga State Hospital constitutes an indefinite sentence in violation of his plea agreement. As has been previously explained to him by both this court and the District Court for the Northern District of California, his claims regarding this issue are not cognizable in this action. (*See* ECF No. 11, at p. 1-2; ECF No. 16, at p. 3 n.1.) Plaintiff may only challenge these issues by way of a habeas petition filed in a separate suit from this case, after exhausting state judicial remedies. Plaintiff has been previously informed of this and has been provided with a blank habeas petition form. The Court shall recommend dismissal of these claims as barred by *Heck*.

5

### B. Medical Care

Plaintiff asserts that Nurse Practitioner Felista Anugom violated his constitutional rights by discontinuing his vitamin prescriptions when he refused to give blood for laboratory work.

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). Under this provision of the constitution, a detainee plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) (quoting *Youngberg*, 457 U.S. at 321–22). Thus, to avoid liability, a defendant's medical decisions regarding the plaintiff's treatment must be supported by "professional judgment." *Youngberg*, 457 U.S. at 321. A defendant fails to use professional judgment when her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] did not base [her] decision on such a judgment." *Id.* at 323.

In determining whether defendant has met his constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. *Youngberg*, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." *Id*. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id*. at 323.

Here, Plaintiff has expressly pleaded that Nurse Practitioner Anugom determined to discontinue his vitamin prescriptions based on her professional judgment because of a lack of laboratory blood work—a professional judgment to which the courts generally must defer. Plaintiff also alleges that although a doctor provided prescriptions for the medications, Plaintiff was taking them due to his own decision that he should be treated with the vitamins. Thus, Plaintiff has not shown that the vitamins were medically required, nor has he alleged any specific injury from the lack of the vitamins. His conclusory statements that he still has osteoporosis and

is not taking the vitamins he wants to take does not show any injury. "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff also has not shown that his failure to receive these medications substantially deviated from professional standards. As a result, he has not stated any claim based on Nurse Practitioner Anugom's discontinuation of his vitamin prescriptions.

### C. Denial of Over-The-Counter Pharmaceuticals

Plaintiff also alleges that the policy at Coalinga State Hospital denying the purchase of over-the-counter pharmaceuticals through its canteen/commissary service violates his Equal Protection rights.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by demonstrating that the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class, such as race. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff alleges that he is committed to Coalinga State Hospital under the SVPA. However, detainees committed under the SVPA are not a suspect class for purposes of equal protection. *Allen v. Mayberg*, 2010 WL 500467 *4 (E.D. Cal. 2010) (citing *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 670 (1966) and *Police Dep't of Chicago v. Mosley*, 408 U.S. 92 (1972)); *see also United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001) ("Sex offenders are not a suspect class."), *cert. denied*, 534 U.S. 1166 (2002).

Where no suspect class is implicated, but fundamental interests are at issue, some courts have applied a "heightened" scrutiny standard. *See Young v. Weston*, 176 F.3d 1196, 1201 (9th Cir. 1999) (evaluating sexually violent predator statutes against an alleged equal protection violation under a "heightened scrutiny standard") (*rev'd on other grounds by Seling v. Young*, 531 U.S. 250 (2000)); *see also Skinner v. Oklahoma*, 316 U.S. 535, 541 (1942). Otherwise, in order to satisfy equal protection, the challenged classification or action generally need only bear "some

7

rational relation to a legitimate state interest." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). Under this theory, a plaintiff must allege: (1) membership in an identifiable class; (2) intentional different treatment from others similarly situated; and (3) that there was no rational basis for the difference in treatment. *See Village of Willowbrook*, 528 U.S. at 564 (recognizing also that some successful equal protection claims have been brought by a "class of one").

In this case, Plaintiff alleges that Coalinga State Hospital's polices subjected him to worse conditions than that of pre-trial criminal detainees in California County Jails, and those serving criminal sentences in the custody of the California Department of Corrections and Rehabilitations. Plaintiff alleged that civil detainees at Coalinga are not allowed to purchase any over-the-counter pharmaceuticals, but the pre-trial detainees and prisoners are allowed to do so.

However, Plaintiff has not alleged whether there was any rational basis for his differential treatment. Plaintiff has alleged that some pharmaceuticals are "patient restricted" under a hospital operations administrative policy. Civil detainees are not free persons with "full civil rights," *Seaton v. Mayberg*, 610 F.3d 530, 535 (9th Cir. 2010), and it is well-established that effective institutional management is a legitimate, non-punitive governmental interest, *Jones*, 393 F.3d at 932. Plaintiff asserts as a conclusory statement that this policy violates his freedom, but has not alleged facts showing that no legitimate, non-punitive policy is served here. Nor has he alleged facts showing whether any fundamental constitutionally-protected right has been denied to him by the unavailability of certain over-the-counter pharmaceuticals through commissary/canteen purchases.

**V.  Conclusion**

For the reasons explained above, Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided an opportunity to amend and the pertinent legal standards, Plaintiff has been unable to cure the deficiencies in his claims. Therefore, further leave to amend is not warranted here. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that:

1. Plaintiff's claims challenging his plea agreement and his commitment under the SVPA be dismissed as barred by *Heck;* and

2. All other claims be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 25, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE